**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | |
| **Ramon Preston McGehee and Kristi Lynn Blessitt,** | Case # 16-01948-dd |
| Debtors. | Chapter 7 |

## CONSENT ORDER APPROVING THE SETTLEMENT AND COMPROMISE AS TO DEBTOR EXEMPTIONS

This matter is before the Court upon the Notice and Motion (the "Motion") of Michelle L. Vieira, Chapter 7 Trustee ("Trustee") for Ramon Preston McGehee and Kristi Lynn Blessitt ("Debtors"), for an order approving a settlement and compromise pursuant to Fed. R. Bankr. P. 9019 as to the Trustee's Objection to Debtor Exemptions, filed at Docket 17, as supplemented at Docket 40.

The Motion has been provided to all creditors and parties in interest. No objections have been filed to the Motion. It appearing that the Motion was properly served on interested parties and that no objection has been filed, it is hereby

ORDERED that the settlement described in the Motion is approved in its entirety.

IT IS ORDERED that the IRA Account No. xxx-xx171-1-4 (the "Traditional IRA") is not subject to exemption, and this asset will be administered by the Trustee in the chapter 7.

IT IS ORDERED that the Debtor's Deferred Compensation Plan with Hilton Head Hospital, managed by MaxWorth Consulting Group, LLC (the "MaxWorth Account") is not subject to exemption, and this asset will be administered by the Trustee in the chapter 7.

IT IS ORDERED that the amount which was distributed to the Debtor post-petition from the MaxWorth Account is not subject to exemption, and this amount shall be turned over by the

Debtor Kristi Blessitt to the Trustee within six (6) months of the entry of this Order, along with documentary proof the Trustee of the amount received from MaxWorth.

IT IS ORDERED that the Trustee hereby abandons the following assets:

1) Roth IRA, Account No. xxx-xx846-1-9;

2) The Debtors' vehicles: 2004 Mercedes CLK 320 and 2016 Chevrolet Colorado;

3) The Debtors' interest in a lawsuit against Massachusetts Mutual Life Ins., and the Debtors' interest in a lawsuit against Intercontinental Hotel Group Resources, Inc.;

4) The Debtors' claims against Edward Jones; and

5) Any claim arising from the Debtors' pre-petition transfer of a vehicle or interest therein from one Debtor to the other.

IT IS ORDERED that the Debtors shall cooperate with the Trustee with regard to the assignment and/or turnover of the Traditional IRA and the MaxWorth Account.

IT IS ORDERED that the Debtor, Kristi Blessitt, shall provide her diamond ring to the Trustee prior to or in no event later than fourteen (14) days following the entry of this Order, for the purposes of obtaining an appraised value.

IT IS FURTHER ORDERED that the Trustee reserves her rights as to the diamond ring, including any value the ring might have for the benefit of the estate.

IT IS SO ORDERED.

**FILED BY THE COURT**
**10/05/2016**



Entered: 10/06/2016

David R. Duncan
Chief US Bankruptcy Judge
District of South Carolina

WE CONSENT:

/s/Christine E. Brimm, ID # 6313
BARTON LAW FIRM, P.A.
1715 Pickens Street
Columbia, SC  29201
803-256-6582
bbarton@bartonlawsc.com
COUNSEL FOR THE TRUSTEE

/s/R. Micheal Drose
R. Michael Drose
Drose Law Firm
3955 Faber Place Drive
N Charleston SC 29405
P 843.767.8888
michaeldrose@droselaw.com
COUNSEL FOR THE DEBTORS

3